UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE RUTH THAYER,

            Plaintiff,                                    Hon. Paul L. Maloney

v.                                                Case No. 1:22-cv-478

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before me on the parties' Stipulation for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C § 2412. (ECF No. 22.) By order issued on February 14, 2023, Plaintiff's counsel was directed to submit an affidavit setting forth his hourly rate and the number of hours of work performed on the matter and to provide a statement describing the work and time spent on each task. (ECF No. 23.) In accordance with that order, counsel has submitted an affidavit and a statement of hours and work performed. (ECF Nos. 24, 24-1.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the fee request be **GRANTED IN PART** as set forth below.

      Under the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of attorney's fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled to attorney's fees under the EAJA as a matter of course, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an

award unjust." 28 U.S.C. § 2412(d)(1)(A). On June 29, 2022, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 29 and 30.) There is no indication here that the Commissioner's position was substantially justified.

Pursuant to the stipulation, Plaintiff seeks an EAJA award of attorney's fees in the amount of $6,244.88. In his affidavit, counsel states that he billed 30.5 hours in prosecuting the appeal. (ECF No. 24 at PageID.2074.) The statement of hours indicates that counsel spent approximately 14 hours reviewing the administrative record (3 hours (4/22/22); 2 hours (11/1/22); and 4.5 hours each day (11/2–3/22)) and 13 hours drafting Plaintiff's initial brief (4 hours (11/3/22); 6 hours (11/4/22); and 3 hours (11/7/22)). (ECF No. 24-1.)

As for the requested rate, I find an hourly rate of $204.75 to be reasonable, as it is consistent with the rate used in other recent EAJA fee awards in this district. *See Belanger v. Comm'r of Soc. Sec.*, No. 2:20-cv-9 (W.D. Mich. Aug. 18, 2021).

As for the number of hours, district courts within the Sixth Circuit, as well as the Sixth Circuit itself, have recognized 20 to 30 hours as the normal range of time spent on the mine-run Social Security appeal. *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, *4 (S.D. Ohio Mar. 14, 2013), *report and recommendation adopted*, 2013 WL 3367337 (S.D. Ohio July 5, 2013) (stating that "[t]he Sixth Circuit has . . . noted that the number of hours expended in pursuit of most social security appeals is in the range of 'twenty to thirty hours,'" and that another district court had recently found a typical range of 15–25 hours) (citing *Glass v. Sec'y of HHS*, 822 F.2d 19, 20 (6th Cir. 1987), and *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420 (6th Cir. 1990)). Similarly, in a more recent decision, *Hightower v. Commissioner of Social Security*, No. 19-13433, 2022 WL 597436 (E.D. Mich. Feb. 28, 2022), a judge in the Eastern District of Michigan affirmed

that "20 to 30 hours is typical for a social security appeal in this district" and that 40 hours would not be unreasonable if the case were atypical. *Id*. at *2.

Here, Plaintiff seeks an award for 30.5 hours of work, which I find unreasonable in this case. In making this determination, I note that Plaintiff's counsel's firm represented Plaintiff at the administrative level, and thus, counsel should have had some familiarity with the administrative record that would have necessitated less time reviewing the record. (PageID.358). In addition, the medical portion of the record was not unusually extensive, and counsel raised only two issues in the brief. I also note that this case involved a stipulated remand, which meant that counsel did not have to review a response from the Commissioner and prepare a reply. Given these considerations, I find 25 hours of time to be reasonable. Accordingly, I recommend that the Court award Plaintiff $5,118.75 (25 hours at $204.75 per hour) in EAJA fees.

In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), an order awarding EAJA fees must be entered directing payment to Plaintiff, not counsel. *Id.* at 591–93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934–35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). Therefore, I recommend that the Court order that payment be made directly to Plaintiff.

Dated: February 15, 2023                          /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections

within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).